UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Darnell Feagins,<br><br>                        *Defendant.* | **[Proposed] Protective Order**<br><br>**17 Cr. 377 (RJS)** |

      Upon the application of the United States of America, with the defendants having requested discovery under Fed. R. Crim. P. 32.1, the Court hereby finds and orders as follows:

      1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 32.1, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

      2. **Sensitive Disclosure Material.** Discovery materials which contain and/or reflect visual or written sexual content produced by the Government in this action pursuant to its discovery obligations are deemed "sensitive disclosure material," and will be labeled as such in the index produced with the discovery materials.

      3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the sensitive disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Sensitive disclosure material shall not be disclosed by the defendants or defense counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to the media or any third party except as set forth below.

6. Sensitive disclosure material may be disclosed by counsel to:

(a) the defendant for review in the presence of defense counsel for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any records containing sensitive disclosure material outside of the offices of defense counsel.

(b) the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' attorneys;

    (ii) independent expert witnesses, investigators or advisors retained by the defendants' attorneys in connection with this action;

    (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendants; and

7. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

8. The Government may authorize, in writing, disclosure of sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any sensitive disclosure material in any hearing held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

**Return or Destruction of Sensitive Disclosure Material**

10. Except for sensitive disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all sensitive disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict or finding in the above-captioned case; the period of direct appeal from any order dismissing any of the charges or specifications in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges or specifications in the above-captioned case, whichever date is later.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

Geoffrey S. Berman
United States Attorney

by: _____   Date: 7/24/18
Cecilia E. Vogel
Assistant United States Attorney

by: _____ for Clay Kaminsky   Date: 7-24-18
Clay Kaminsky, Esq.
Counsel for Darnell Feagins

SO ORDERED:

Dated: New York, New York
       July ___, 2018

_____
THE HON. RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4