I8S3FEAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

       v.                   17 CR 377 (RJS)

DARNELL FEAGINS,

          Defendant.

------------------------------x

                              New York, N.Y.
                              August 28, 2018
                              2:30 p.m.

Before:

             HON. RICHARD J. SULLIVAN,

                             District Judge

                     APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
CECILIA VOGEL
     Assistant United States Attorney

B. ALAN SEIDLER
     Attorney for Defendant

ALSO PRESENT:  U.S. Probation Officer Hillel Greene

I8S3FEAC

1          THE COURT:  Good afternoon.  Let me take appearances.

2     For the government?

3          MS. VOGEL:  Good afternoon, your Honor.  Cecelia Vogel

4     for the government.  With me at counsel's table is Probation

5     Officer Hillel Greene.

6          THE COURT:  Ms. Vogel, Mr. Greene, good afternoon.

7     And for the supervisee?

8          MR. SEIDLER:  Good afternoon, your Honor.  Alan

9     Seidler for Mr. Feagins.

10          THE COURT:  Mr. Seidler.  And Mr. Feagins, good

11     afternoon to you.

12          THE DEFENDANT:  Good afternoon.

13          THE COURT:  So, all right.  We were I think scheduled

14     to have a hearing, but I received a letter from the parties

15     indicating that Mr. Feagins is prepared to admit to certain of

16     the specifications, Specifications 19 through 22.  And I guess

17     the others would then be dismissed and we'd have a sentencing

18     at some other point I think is the contemplation.

19          MS. VOGEL:  That's correct.

20          MR. SEIDLER:  Yes, sir.

21          THE COURT:  Before we do that, I want to make sure I

22     know what's going on in the state case.  So there were state

23     charges pending, right?

24          MS. VOGEL:  So, there was a state parole violation

25     proceeding which resolved before Mr. Feagins was brought here.

I8S3FEAC

| | |
|---|---|
| 1 | THE COURT:  There is nothing pending in the state. |
| 2 | MS. VOGEL:  That's correct. |
| 3 | THE COURT:  Okay.  So Mr. Feagins, before I accept |
| 4 | your admission here, I want to make sure you understand what |
| 5 | we're doing and that you are in the right frame of mind to do |
| 6 | this. |
| 7 | As I understand it, you wish to admit to |
| 8 | Specifications 19 through 22; is that right? |
| 9 | THE DEFENDANT:  Yes. |
| 10 | THE COURT:  So, how are you feeling today?  Are you |
| 11 | feeling good? |
| 12 | THE DEFENDANT:  Yes. |
| 13 | THE COURT:  Your mind is clear? |
| 14 | THE DEFENDANT:  Yes, sir. |
| 15 | THE COURT:  Have you taken any medicine or pills or |
| 16 | drugs or alcohol of any kind in the last two days? |
| 17 | THE DEFENDANT:  No. |
| 18 | THE COURT:  Do you understand the nature of this |
| 19 | proceeding and what's going to take place here today? |
| 20 | THE DEFENDANT:  Yes, sir. |
| 21 | THE COURT:  Last time you were here -- I think it was |
| 22 | the last time, or the time before, we talked about the |
| 23 | specifications, there were 22 specifications.  So there are a |
| 24 | lot of them.  As I understand it, you wish to admit to |
| 25 | Specifications 19 through 22; is that correct? |

I8S3FEAC

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Mr. Seidler, do you have any doubt as to

3    Mr. Feagins' mental competence to proceed?

4           MR. SEIDLER:  No, sir.  Not at all.

5           THE COURT:  Ms. Vogel, do you have any such doubts?

6           MS. VOGEL:  No.

7           THE COURT:  Neither do I.

8           Mr. Feagins, do you have any questions about anything?

9           THE DEFENDANT:  No.

10          THE COURT:  So, all right.  Let me just remind you

11   what the specifications are, and then you should tell me

12   whether you admit or deny them.

13          Specification 19 alleges that on or about April 22 of

14   this year, here in Manhattan, you committed a state crime of

15   harassment in the second degree in violation of New York State

16   Penal Law Section 240.26, which is a misdemeanor, in that you

17   repeatedly sent messages to harass and annoy a person

18   identified as the victim's wife who was previously identified.

19          Do you understand that's what you're accused of?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you admit or deny that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  You admit it?

24          THE DEFENDANT:  Yeah, I admit it.

25          THE COURT:  Okay.  Second specification that we are

I8S3FEAC

talking about today is Specification 20.  That says on the same

date, that you committed a state crime -- no, actually the day

before.  April 21, 2018, unlawful surveillance in the second

degree which is a violation of New York State's Penal Law

250.45 sub 5, that's a class E felony, in that you released

video that the victim had engaged in sexual conduct without her

knowledge.  Or the releasee videoed the victim engaged in

sexual conduct without her knowledge.

        You took a video of somebody engaged in sexual conduct

without their permission or knowledge.  That's what you are

accused of.  Do you understand that?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you admit or deny that?

        THE DEFENDANT:  I admit it.

        MS. VOGEL:  Your Honor, if I could, the date on that,

April 21, that is an estimate and based on our information.

        THE COURT:  "On or about" is what it says.

        MS. VOGEL:  It may have been a month or two prior that

the video was actually made.

        THE COURT:  Okay.  The next one is on or about

April 21 in New York County, you committed a state crime,

dissemination of an unlawful surveillance image in violation of

a different Penal Law, 250.55, that's a misdemeanor.  In that

you intentionally disseminated a video that you had

surreptitiously made of the victim engaged in sexual conduct or

I8S3FEAC

1    sexual act.  That's basically that you disseminated the video

2    you had previously taken.

3              Do you admit or deny that specification?

4              THE DEFENDANT:  Yes, sir.  I admit it.

5              THE COURT:  And the last one, Specification 22,

6    charges that on or about April 21 of this year, in New York,

7    you committed a local crime, unlawful disclosure of an intimate

8    image, in violation of a New York City provision, Section

9    10-177, also a misdemeanor, in that you e-mailed a video of the

10   victim without her consent in which she was engaging in a

11   sexual act.

12             So do you admit or deny that?

13             THE DEFENDANT:  I admit.

14             THE COURT:  So they're all kind of a piece.  That's

15   what you've been accused of, and you admit that you did those

16   things.

17             What Ms. Vogel is saying, maybe it wasn't April, it

18   may have been earlier than that.  I don't know that the dates

19   matter that much.  They're mostly designed just to put you on

20   notice of what you've been accused of.

21             Do you have any question as to what events are

22   described in these specifications?

23             THE DEFENDANT:  No.  No, sir.

24             THE COURT:  You understand what the reference is to?

25             THE DEFENDANT:  Yes.

I8S3FEAC

1          THE COURT:  You admit each of them?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Okay.  Is that a satisfactory allocution

4    or admission with respect to Specifications 19 through 22,

5    Ms. Vogel?

6          MS. VOGEL:  Yes, your Honor.

7          THE COURT:  Mr. Greene, do you think so?  Did we cover

8    what he needs to cover?

9          MR. GREENE:  Yes, your Honor.

10          THE COURT:  Mr. Seidler?

11          MR. SEIDLER:  Yes, sir.

12          THE COURT:  So, I guess then what we ought to be

13   talking about is sentencing.

14          So, these are serious, serious violations.  More

15   serious than somebody testing positive for marijuana, for

16   example, which is one I see with some frequency.  So this is

17   not typical.  It's serious.  And the other conduct that's

18   described, which are in some ways covered in specifications

19   that Mr. Feagins has not admitted to but they give some context

20   here, which is also troubling.

21          There are victims.  I think at least one, arguably

22   more victims, and they would have a right to be here as well

23   for future proceedings.  So, what I intend to do is set a date

24   for sentencing, a date for submissions to be made, and I'll

25   direct the government to make sure that the victims are aware

I8S3FEAC

1     of their rights under the Victim Rights Act.  I think it covers

2     here.  This is a violation of supervised release, it's not a

3     sentencing in an indicted case, but I think it could be argued

4     they're covered by the statute.

5            Anyway, the government should look at that.  If you

6     think they are not covered, let me know that because I think

7     that's something I would want to know.

8            So how much time do you think we need for sentencing?

9     To prepare for sentencing?  And what sort of submissions do you

10    have any mind?  What do you think?

11           MS. VOGEL:  I somewhat defer to defense counsel in

12    terms of how much time he thinks he needs to submit his

13    materials.

14           THE COURT:  I would set a sentencing date, have the

15    defense submit their submissions two weeks before, the

16    government one week before.  And then probation I guess would

17    get in touch with me around the same time.  Probation works for

18    me.  So I don't really need to order them to give me a

19    submission.  But the parties would, and I'd direct them to make

20    submissions by a date certain.

21           So Mr. Seidler, what do you think would be the proper

22    amount of time for all of that?

23           MR. SEIDLER:  I'm going to be away the week of

24    October 7 so could we do it some time after that?

25           THE COURT:  After October 2 you said?

I8S3FEAC

1          MR. SEIDLER:  I'll be back on the 15th, so any time

2     after that is fine.

3          THE COURT:  After the 15th.

4          MR. SEIDLER:  Yes, sir.

5          THE COURT:  Okay.

6          MS. VOGEL:  Your Honor, I am starting a trial the week

7     of the 15th that I estimate to last approximately a week.

8          THE COURT:  Are you sitting on Fridays?

9          MS. VOGEL:  Actually, I'm not sure.  I have not yet

10     appeared in that case.  But I have been assigned to it.

11          THE COURT:  So you expect it will be over by the 19th?

12     Your trial?

13          MS. VOGEL:  Yes.

14          THE COURT:  So if we did this October 26.  How about

15     the afternoon of Wednesday, October 24.  Would that work?

16          MR. SEIDLER:  Yes, sir.

17          THE COURT:  4 o'clock.

18          MS. VOGEL:  Yes, your Honor.

19          THE COURT:  4 o'clock, Wednesday, October 24.  And

20     then I guess I would like submissions from Mr. Seidler by --

21     when are you going away?

22          MR. SEIDLER:  The 8th.  I'll get it done before then.

23          THE COURT:  And the government will want to get stuff

24     beforehand too, since you've got a trial, right?

25          MS. VOGEL:  Yes, thank you.

I8S3FEAC

1          THE COURT:  So the 8th is a Sunday I think, right, a

2     Monday.  You want to get your submission in by the 5th?

3          MR. SEIDLER:  Sure.

4          THE COURT:  I'll ask the government to get their

5     submission in by the 12th.  And then if I need more, I think I

6     have questions, I can then issue an order after that.  But

7     otherwise, we'll then come forward on the 24th which is 12 days

8     later and then we'll have sentencing at that time.  Okay?

9          If the government believes that there are no victims

10    under the Victim Rights Act and so therefore you're not telling

11    the people who are identified in Specifications 19 through 22

12    of this, tell me that, because I'll want to hear why that would

13    be the case.  If you do think they're covered, then let me know

14    that you've notified them and if they plan to come and be

15    heard.  If they are coming or you're not sure if they are

16    coming, just let me know.  All right?

17         MS. VOGEL:  I can say at the moment our position is

18    they are covered, and so far the one victim has been notified

19    of the proceedings.

20         THE COURT:  Victims don't have to come.  But they have

21    a right to come, Mr. Feagins.  That's why I'm talking about

22    this.  Under the Victim Rights Act, a person who is designated

23    as a victim does have a right to be heard at court proceedings,

24    and so I want to make sure they have notice if they wish to be

25    heard.  They don't have to come.  Sometimes they don't want to

I8S3FEAC

1    be heard.  If they do, we've got to make sure they have been

2    notified.  So that should give them enough time.

3              If you indicate in your letter, Ms. Vogel, then I'll

4    know that they've been notified or you're taking the position

5    they don't need to be, and we'll follow up if we have to.

6              Mr. Greene, is there anything else we should be doing

7    in connection with sentencing?  Any information that would be

8    worth the Court having?

9              MR. GREENE:  I think everything has been covered in

10   the original report, your Honor.

11             THE COURT:  So in the meantime, Mr. Feagins is to

12   remain in custody.  That's the plan.  Yes?

13             So Mr. Feagins, you will get credit for this time

14   towards whatever sentence I impose.  There's no other charges

15   pending, so I guess you will get credit for this.  But if for

16   whatever reason you think you need to see me between now and

17   October 24, let me know.  That's not a problem.  Tell

18   Mr. Seidler and we can set something up.  Okay?

19             Anything else we should cover today?

20             MS. VOGEL:  No, your Honor.

21             MR. SEIDLER:  Nothing.

22             THE COURT:  Let me thank the marshals.  Let me thank

23   the court reporter.  Good luck to you all and I'll see you in

24   October.

25             (Adjourned)