

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 5, 2022

<u>By Email</u>

Zachary Margulis-Ohnuma
ZMO Law PLLC
353 Lexington Avenue, Suite 900
New York City, NY 10016
zach@zmolaw.com

      Re: *United States v. Darnell Feagins*, S1 20 Cr. 218 (ALC)

Dear Mr. Margulis-Ohnuma:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Darnell Feagins ("the defendant") to Count One of the above-referenced Superseding Information ("the "Information"). Count One of the Information charges the defendant with possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). Count One carries a maximum term of imprisonment of 20 years; a mandatory minimum term of imprisonment of 10 years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of five years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment, plus an additional assessment of $5,000, pursuant to 18 U.S.C. § 3014(a). In addition to the foregoing, the Court must order restitution as specified below.

      In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for possession of child pornography from November 2017 through October 2020, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

      The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, a sum of money in United States currency, representing proceeds traceable to the

2020.11.02

commission of said offense.  It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with Title 18, United States Code, Section 2259.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1.    The November 1, 2018 edition of the Guidelines Manual is applicable to the offense charged in Count One.

2.    The Guideline applicable to Count One is U.S.S.G. § 2G2.2.  Pursuant to U.S.S.G. § 2G2.2(a)(1), the base offense level for Count One is 18.

3.    Pursuant to U.S.S.G. § 2G2.2(b)(2), two levels are added because the child pornographic material involved a prepubescent minor.

4.    Pursuant to U.S.S.G. § 2G2.2(b)(4), four levels are added because the offense involved material that portrays sadistic conduct.

5.    Pursuant to U.S.S.G. § 2G2.2(b)(6), two levels are added because the offense involved the use of a computer for the possession, transmission, and receipt of the child pornographic material.

6.    Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), five levels are added because the offense involved more than 600 images.

7.    Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 28.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has 12 criminal history points, calculated as follows:

1.  On or about February 21, 2008, the defendant was sentenced in connection with the following six convictions in Muscogee County State Court in Columbus, GA: (1) driving with a suspended licensed, (2) no insurance, (3) obstruction of an officer, (4) reckless driving, (5) no state tag, and (6) loud music.  The defendant was sentenced to twelve months' imprisonment, with 180 days' imprisonment to be served and the balance on probation. Pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(c)(1), this sentence results in two criminal history points.

2.  On or about June 11, 2009, the defendant was sentenced in connection with the following seven convictions in Muscogee County State Court in Columbus, GA: (1) driving with a suspended licensed, (2) no insurance, (3) reckless driving, (4) obstruction of officer, (5) tag revoked, (6) no state tag, and (7) stop sign violation.  The defendant was sentenced to twelve months' imprisonment, with 180 days' imprisonment to be served and the balance on probation. Pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(c)(1), this sentence results in two criminal history points.

3.  On or about January 4, 2012, in Kings County Supreme Court in Brooklyn, New York, the defendant was sentenced in connection with the following two convictions: (1) endangering the welfare of a child, in violation of New York Penal Law § 260.10(01), and (2) criminal sexual act in the second degree, in violation of New York Penal Law § 130.45.  The defendant was sentenced to an aggregate sentence of two years' imprisonment followed by five years post-release supervision.  Pursuant to U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points.

4.  On or about August 14, 2015, in the U.S. District Court for the Middle District of Georgia, the defendant was sentenced to 27 months' imprisonment and three years of supervised release for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), to run consecutively to any sentence imposed by the New York Supreme Court in Kings County for the defendant's violation of parole.  Pursuant to U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points.

5.  Pursuant to U.S.S.G. § 4A1.1(d), because the defendant committed the instant offense while on federal supervised release and state parole, two criminal history points are added.

In accordance with the above, the defendant's Criminal History Category is V.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 130 to 162 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment (the "Stipulated Guidelines Range").  In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2.  At Guidelines level 28, the applicable fine range is $25,000 to $250,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.  Accordingly, neither party will seek any departure

or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 130 to 162 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $250,000, and the Government agrees not to appeal or bring a collateral challenge of any fine that is greater than or equal to $25,000. The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $5,100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's

immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

The defendant understands and acknowledges that, under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his true name, residence address, and the names and addresses of any places where he is or will be an employee or student. The defendant further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine, imprisonment, or both.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

[Intentionally Left Blank]

2020.11.02

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Cecilia E. Vogel
Assistant United States Attorney
(212) 637-1084

APPROVED:

_____
Elizabeth Hanft
Co-Chief, General Crimes


AGREED AND CONSENTED TO:

_____
Darnell Feagins

_____12/8/22_____
DATE


APPROVED:

_____
Zachary Margulis-Ohnuma, Esq.
Attorney for Darnell Feagins
Tess Cohen  ZMO Law

_____12/8/22_____
DATE


2020.11.02